BERKELEY WATER CO., INC., A BODY CORPORATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. TOWNSHIP OF BERKELEY, A MUNICIPAL CORPORATION OF NEW JERSEY, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued September 12, 1966—Decided September 29, 1966.

Before Judges GAULKIN, LEWIS and LABRECQUE.

*Mr. John R. Sailer* argued the cause for appellant (*Messrs. Sailer & Holzapfel,* attorneys; *Mr. Russell Fleming, Jr.,* on the brief).

*Mr. Leonard G.. Lomell* argued the cause for respondent (*Messrs. Ewart, Lomell, Adler & Kearney,* attorneys; *Mr. William J. Kearney,* on the brief).

The opinion of the court was delivered by

LEWIS, J. A. D. In the pending proceeding by plaintiff Berkeley Water Co., Inc. (water company) against defendant Township of Berkeley (township) for the collection of $18,500 on alleged book account obligations, the Law Division entered summary judgment in favor of defendant on its cross-motion.

Plaintiff on appeal to this court urges in substance: (a) the utility franchise it obtained constituted a contractual obligation by the township to accept and pay for the fire protection services made available to it; (b) the

township and water company are mutually obliged to furnish fire protection to the community at the rates approved by the Board of Public Utility Commissioners; (c) the use of the water company's facilities by a local fire department in certain emergent circumstances evidenced the subsistence of the alleged contract; and (d) the trial court erred in taking judicial notice that fire districts and fire commissioners do exist in municipalities.

We find no merit to those arguments and conclude that the record before the trial court did not disclose fact issues which warranted a plenary trial.

The township, by ordinance adopted August 13, 1959 and pursuant to *R. S.* 48 :19–17, granted its consent to the water company to lay pipes and conduits beneath the surface of certain "public roads" and to locate "water hydrants on and along such public roads * * * at such times and in such places as shall be necessary and proper." The franchised territory encompassed approximately 10% of the predominately rural 44 square miles comprising the Township of Berkeley.

The validity of that franchise was contingent upon the approval of the Board of Public Utility Commissioners (Board) as prescribed by *R. S.* 48 :2–14, which approval apparently was obtained.

On February 8, 1961 the water company filed with the Board its "Initial Tariff for Water Service." There were no objections to the suggested rates for private-domestic users, but the township appeared at the public hearing and protested the water company's proposal to charge $25 per year for each fire hydrant, plus an annual $.03 "inch-foot" pipe charge, *i. e.,* an assessment based on diameter and lineal footage of laid pipe. The schedule of rates received Board approval on July 1, 1961.

It is significant that the Board, in accepting and approving the proffered rate schedule, specifically observed, "The filing of a rate for fire protection service does not, *per se,* oblige the municipality to contract for such service but

merely establishes the rate for such service if the municipality elects to contract for it."

On July 13, 1961 the township committee formally considered the water company's request that its fire protection service be accepted, and, by resolution of that date, the committee resolved to "reluctantly refuse the Berkeley Water Company's fire protection" if it insisted upon the imposition of a "pipe tax charge." The committee indicated, however, a willingness to consider the payment of a $50 annual tariff for each fire hydrant—the "going rate" in the area for that type of service.

In February 1964 the water company rendered a bill to the township for $18,500, representing the years 1961 to 1964, inclusive, which was premised upon an implied-in-fact contract with the township for the water company's services and facilities at the rates established by the Board. When the township refused to pay the asserted claim, the pending suit was instituted.

Plainly, the water company ignores the legislative mandate prescribing the circumstances under which a township committee may enter into contracts for the supply of water. The pertinent statutory language reads:

"* * * Before any such contract for a longer term than one year shall be made by the township committee, the committee shall adopt a resolution declaring its intention to so contract, which resolution shall state the term of years of the proposed contract and the rate or price to be paid for the supply of water or light." *R. S.* 40:146–23.

Additionally, the resolution of intention to contract must be published once each week for two weeks in a local newspaper, with notice of the time within which objections against the making of such a contract may be registered with the township clerk. *R. S.* 40:146–24. If remonstrations are filed by owners of more than half in value of the taxable property in the township, the governing body is prohibited from executing such an agreement, and any similar proceed-

ings with respect thereto are enjoined for a period of one year. *R. S.* 40:146–25.

Here, we not only have the absence of a negotiated contract as prescribed by the Legislature, but the affirmative action of the township committee expressly refusing to accept the services and facilities of the water company at the rates proposed. In *Hackensack Water Co. v. Borough of Tenafly,* 95 *N. J. L.* 25, 27 (*Sup. Ct.* 1920), the court, after declaring that the public utility commission had the power to prescribe the rates to be paid, went on to say, "It is open to municipalities and to individuals to accept or reject the service at these rates."

While the township concedes that the Bayville Fire Department, a volunteer fire company serving a section of the municipality, availed itself of the water company's facilities on five emergent occasions, it denies that any such action by that organization was ever authorized by the township. Plaintiff's affidavits did not prove express authorization, and the regulatory powers of a township over volunteer fire companies (*N. J. S. A.* 40:149–6; *R. S.* 40:149–4, 5, 7, 8, 9) do not imply authority in the regulated agency to bind the municipality contractually—and particularly so where, as here, the Legislature has by statute specifically declared the procedure to be followed as a prerequisite to contract liability.

Finally, we note that the judgment of the trial court did not rest upon the existence *vel non* of fire districts or fire commissioners in the township. The court merely took judicial notice that "these things do exist, the statutes provide for them." Plaintiff's case was not prejudiced by that observation of the court in rendering its oral opinion.

Judgment affirmed.